## STATE OF MINNESOTA *vs.* JOHN BYRUD.

### May 22, 1876.

Criminal Practice—What Questions may be Certified to Supreme Court.—Laws 1870, *c.* 76, § 1, provides that "if, upon the trial of any person who shall be convicted in any district court, * * * or if, upon any demurrer to an indictment, or to a special plea or pleas to an indictment, or upon any motion upon or relating to an indictment, any question of law shall arise which, in the opinion of the judge of such court, shall be so important or so doubtful as to require the decision of the supreme court, he shall * * * report the case, * * * and certify the said report to the supreme court," etc. *Held,* 1. That, to enable this court to take jurisdiction of a case certified up under this statute, it should affirmatively appear that the question of law certified up arose in one of the ways mentioned in the statute.

Same—Must be a Ruling by District Court.—2. That, to the jurisdiction of this court in cases under this statute, it is indispensable that the questions raised be passed upon and determined by the court below.

Case certified by the district court for Fillmore county, *Page,* J., presiding.

*Geo. P. Wilson,* Attorney General, for the State.

*R. A. Murray,* for defendant.

BERRY, J. Section 1, c. 76, Laws 1870, provides that "if, upon the trial of any person who shall be convicted in any district court, or in the court of common pleas of Ramsey county, or if, upon any demurrer to an indictment, or to a special plea or pleas to an indictment, or upon any motion upon or relating to an indictment, any question of law shall arise which, in the opinion of the judge of such court, shall be so important or so doubtful as to require the decision of the supreme court, he shall, if the defendant desire it or consents thereto, report the case, so far as may be necessary to present the question or questions of law arising therein, and certify the said report to the supreme court of the state, and thereupon all proceedings in said cause shall be stayed until the decision of said supreme court shall be made."

In this case, which is attempted to be brought here under

the provisions of this section, the certificate of the district
judge is as follows: (Title of the cause.) "This cause
came on for trial at general term held in said (Fillmore)
county, November, 1875, on an indictment for larceny,
charged to have been committed in said county. On the
trial it appeared by the evidence that the property was stolen
in the state of Iowa, and was afterwards found in the posses-
sion of the defendant, in Fillmore county. The question was
raised whether a person who steals property in an adjoining
state, and brings it into this, is guilty of larceny here.
The court, deeming the question important and doubtful, at
the request of counsel and with the consent of the defend-
ant, decided to report the case to the supreme court for its
decision, and thereupon all further proceedings were
stayed."

There are several reasons why we cannot take jurisdiction
in this case. In the first place, the case does not come
within the terms of the statute before cited. Though it
appears that the question of law involved arose upon the
trial of a person in a district court, it does not appear that
the person was convicted; on the contrary, the certificate
appears to show that the proceedings were stayed before
conviction. Neither does it appear that it arose upon any
demurrer to the indictment, or to a special plea or pleas to
an indictment, or upon any motion upon or relating to an
indictment; on the contrary, it appears to have arisen upon
the evidence.

In the second place, it does not appear that the question
raised was in any way passed upon or determined by the
court below. It is indispensable that it should be thus
passed upon and determined, because the jurisdiction of this
court is (except in certain cases not here important to be
mentioned) purely appellate. The exercise of appellate
jurisdiction, *ex vi termini*, necessarily calls for something to
be appealed from—that is to say, there must be some action
on the part of the inferior tribunal which the appellate court

is called upon to review. In the absence of such action, the appellate tribunal, therefore, has no jurisdiction.

In view of the appellate character of our jurisdiction, the statute itself appears to be open to criticism. When a person is tried and convicted, any question arising " upon the trial " is necessarily passed upon by the court below, and in such case we see no reason why the determination of the question may not properly be reviewed here upon the certificate provided for. But, as respects a question of law arising upon " demurrer to the indictment, or to a special plea or pleas to an indictment, or upon any motion upon or relating to an indictment," the statute does not expressly require, as it should have done, that the question raised shall be passed upon by the court below ; as, however, the statute does not forbid the court below to pass upon such question before reporting the case to this court, we think the duty to do so is to be implied. This is in accordance with the presumption in favor of the constitutionality of legislation, and with the rule that when a statute is susceptible of two constructions, that should be adopted which will effectuate the manifest intention of the law-maker.

Proceedings dismissed.