STATE OF MINNESOTA *ex rel.* KATE NOONAN *vs.* THE SHERIFF OF HENNEPIN COUNTY.

### August 11, 1877.

Habeas Corpus—Discharge of the Jury in the Absence of Defendant. Where, upon the trial of an indictment, the trial court had jurisdiction of the person of the defendant, no inquiry can be had under a writ of *habeas corpus* as to whether the relator was in fact present or absent when the jury was discharged from the further consideration of the indictment, or whether the decision of the court in discharging them was correct or incorrect.

*Habeas corpus* issued from this court, and directed to the respondent as the sheriff of Hennepin county.

*D. A. Secombe* and *C. D. O'Brien,* for relator.

*Wm. Lochren,* for respondent.

CORNELL, J. The return to the writ issued in this case shows the following facts: At the general term of the district court of the fourth judicial district, begun and holden in and for the county of Hennepin, on the eighth day of May, 1877, a bill of indictment was duly found and presented in said court, by the grand jury of said county, against the said relator, for the crime of murder. Being then in custody, under commitment theretofore duly issued upon a preliminary examination for the same offence, the relator was duly arraigned upon the indictment, and in answer thereto personally entered the plea of not guilty. A jury was thereupon afterwards duly impanelled to try the indictment. The trial duly proceeded, until the case was submitted to the jury upon the evidence, under the instructions of the court, on the ninth day of June, when the jury retired, under the charge of a sworn officer, to consider their verdict.

The subsequent proceedings thereafter had, as appears from the entries in the minutes of said court, which are made a part of the return, were as follows, viz.: "June 12, 1877.

The jury in this case having up to this time failed to agree, were summoned into open court, and, having answered that they were unable to agree, were discharged from further consideration of the case by order of the court. Defendant's counsel thereupon gave notice of motion to admit to bail, and Saturday next, at two o'clock, was set as the time to hear said motion." "Saturday, June 16, 1877. This day, etc., having been set as the time to hear defendant's motion for admission to bail, defendant (the relator herein) was brought into open court in custody, and counsel for the defendant thereupon moved that the record of the court in relation to the discharge of the jury in the case be amended by adding the following words, to-wit: 'The said proceedings, and the whole of them, were had in the absence of the defendant, and while she was confined and restrained in the jail of Hennepin county;' which motion was denied, without prejudice. Defendant's counsel thereupon gave notice of motion to discharge the prisoner—*First*, upon the ground that the defendant was not present when the jury was discharged, (and also upon another ground not necessary to be considered or stated on this hearing.) Saturday next was set as the time to hear said motion. Defendant was thereupon remanded to custody."

"Saturday, June 23, 1877. The defendant in this case having been brought into open court, in custody, the motion to amend the minutes of the court, so as to show that the defendant was not present in court when the jury in the case was discharged, was renewed by defendant's counsel, which said motion was denied by the court, and defendant's counsel excepted to the ruling of the court. Defendant's counsel thereupon moved that the court, by virtue of the authority vested in it, discharge the defendant from custody in furtherance of justice, upon the grounds that the discharge of the jury, under the circumstances under which it was made, operated as an acquittal. Which motion, after argument by counsel, was taken under advisement by the court."

"June 28, 1877. The defendant in this case having been

brought into open court, in custody, the court announced its decision upon the motion to discharge the prisoner, as made and argued on Saturday last, June 23d, denying said motion. Defendant's counsel thereupon asked leave to enter the following plea:   'And now comes the defendant, Kate Noonan, in open court, and specially pleads that she has been once put in jeopardy of punishment for the offence charged in the indictment in this action, to-wit: by the trial upon the indictment at the present term of this court;' which matter was taken under advisement by the court.   Defendant's counsel entered an objection to the ruling of the court, denying the motion to discharge the prisoner.   Defendant was thereupon remanded. to custody."

Upon these proceedings the defendant herein now holds the relator in custody, by virtue of the said indictment, and the said orders of the said district court, remanding her to his custody as the sheriff of said county, and the keeper of its jail.

In answer to such return the relator makes no issue upon the truth of the matters therein stated, but seeks to raise the issue that the action of the court in discharging the jury was had in the enforced absence of the defendant in the indictment, and to prove such fact by affidavits; claiming that the court exceeded its authority in so discharging the jury, and that the effect of such improper discharge was the same as a verdict of not guilty, precluding a re-trial of the indictment before another jury.

Conceding the correctness of both these propositions of the relator, viz.:   That the court erred in discharging the jury, and that such discharge operated as an acquittal, (concerning which, however, no opinion need be expressed,) the question arises whether further detention of the prisoner on the indictment, by order of the court, after such discharge, became by reason of this error illegal in that sense, that she would be entitled to her absolute discharge on *habeas corpus*.   In other words, is this alleged error cognizable on *habeas corpus* by

this court, the record in this cause not being properly before it for review, so as to authorize the exercise of any revisory power under its appellate jurisdiction.

By section 42, c. 80, Gen. St., which seems to have been literally copied from the New York statute, (2 N. Y. R. S. 2d Ed. p. 471,) a party brought up on a *habeas corpus* "may deny any of the material facts set forth in the return, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge." In other words, the existence of the alleged process, judgment, or proceeding, under which the relator is claimed to be held, may be controverted, its validity may be questioned, the jurisdiction of the court, or officer commanding the imprisonment, to issue the process or render the judgment may be contested, and any *ex post facto* matter, such as a pardon after conviction and sentence, may also be set up, showing that the alleged cause of imprisonment has become inoperative, and of no further force or effect. As a general rule, deducible from all the authorities to which we have been cited or of which we have any knowledge, these are the only matters, either in the way of denial or avoidance, which the party seeking an absolute discharge from imprisonment on criminal process, in a case like this, can properly raise or put in issue by the answer which the statute allows him to make to the return to the writ. See the valuable and exhaustive note of Mr. Hill, to the *McLeod Case*, 3 Hill, 647, *et seq.*, cited with aproval in the recent case of *People ex rel. Tweed* v. *Liscomb*, 60 N. Y. 559; *Hurd on Habeas Corpus*, bk. 2, c. 6, § 2, p. 331, *et seq.*; *Petition of Semler*, 41 Wis. 517.

In the case before us the existence of the facts stated in the return is not denied, and the validity of the indictment is unquestioned. Neither is it disputed that the district court regularly and lawfully acquired jurisdiction over the person of the accused, who was properly arraigned and put upon trial under the indictment.

Under the constitution and laws the district court, being

one of exclusive original jurisdiction in all cases of felonies committed in Hennepin county, had complete jurisdiction over the subject-matter of the indictment, and the sole and exclusive right and authority to try the same, and to control and regulate the conduct of the prosecution to final judgment, subject only to a review in the manner provided by law. Having such jurisdiction, it was within its power and authority, as it was clearly its duty, to entertain, hear and determine every question that might possibly or legitimately arise during the progress of the trial to final judgment of conviction or acquittal. And, as is well said by the court in *Tweed* v. *Liscomb, supra,* (574,) "whether the determinations of the court upon any or all of the questions were right or wrong did not affect its jurisdiction. In other words, the court had jurisdiction to make wrong as well as right decisions in all the stages of the prosecution, and whether those made were right or wrong cannot be raised on *habeas corpus.*"

The fact, therefore, if it be one, that the court improperly discharged the jury in the enforced absence of the prisoner, did not dispossess the court of its jurisdiction over the cause. If so, any further step or proceeding in the action was wholly nugatory, and the only judgment that could have been rendered was one of dismissal for want of jurisdiction, instead of a judgment upon the merits, which alone could furnish any protection to the defendant against another prosecution for the same offence. If, then, the view of relator's counsel is correct, as to the effect of the action of the court in discharging the jury, his proper remedy undoubtedly was in an application to the trial court, by motion or otherwise, for the like judgment as upon a verdict of not guilty. And this appears to have been the view taken of the matter by counsel at the time, as such a motion, in effect, was made, overruled, and excepted to. In case the latter decision was erroneous, the error is reviewable, and can be corrected whenever the record is properly brought before us for that purpose. Until this is done, both it and the decision discharging the

jury, as well as the other rulings made during the progress of the trial, stand as the lawful rulings in this case of a court of competent jurisdiction, and should be respected as such by all other courts in all collateral proceedings. However erroneous we might regard them, on error, they cannot be considered nor overruled on *habeas corpus*, which takes cognizance only of such radical defects of a jurisdictional character as render a proceeding not merely voidable, but absolutely void; for it is quite clear that they are not of this character. Hurd on Habeas Corpus, 332–3. The distinction between these two classes of defects is marked and obvious. An error committed in the exercise of a conceded power or jurisdiction is only voidable in its effect, whereas, an act done without any authority or jurisdiction, or in excess of it, is wholly illegal and void. In illustrating this difference Mr. Hurd says, (p. 333,) that to sentence a man to imprisonment in his absence, when the absence was occasioned by the order of the court pronouncing the sentence, would be an irregularity merely, reviewable alone on error, while sentencing him to imprisonment for a crime punishable by a pecuniary fine only, would be illegal and hence wholly void. The case of *Ex-parte Lange*, 18 Wall. 163, to which we have been cited by relator's counsel, and that of *Tweed* v. *Liscomb*, *supra*, both are examples of the latter class of defects. In the former case the whole record was before the court on *certiorari*, issued as auxiliary to the *habeas corpus*. On the inspection of such record it appeared upon its face that the judgment by virtue of which Lange was being imprisoned was rendered without any authority whatever, inasmuch as the power of the court rendering such judgment, in respect to that prosecution and indictment, had become "*functus officio*," by reason of a prior judgment, valid in part, pronounced in the same cause and carried into execution. So in the Tweed case, where it appeared from the record that the judgment was one which, upon the indictment, the court pronouncing it had no authority to render under any circumstances. The defects complained of in the case before

us are of an entirely different character. No final judgment upon the indictment herein has yet been reached, and therefore the district court has never yet been dispossessed of its jurisdiction over it, nor of the person of the accused. In the lawful exercise of this jurisdiction it has the undoubted authority, under certain circumstances and for certain specified causes, (Gen. St. *c.* 116, §§ 16,17,) to discharge the jury prior to a verdict, and to cause a re-trial of the indictment before another jury. It necessarily had the right of determining upon the existence of these circumstances and causes, and, whether it erred or not, its decision thereon was lawful and valid, until reversed on error. This conclusion is fully supported by the case of *Wright* v. *The State*, 5 Ind. 290, which is directly in point on the question under consideration, and we are confident no authority can be found in any way countenancing a contrary doctrine. In that case the jury, having failed to agree upon a verdict prior to the time designated for closing the term, was brought into court and discharged, against the defendant's objection. This was held an improper discharge of the jury, and that, under the laws of that state, it precluded a re-trial of the indictment before another jury, yet the court refused to discharge the prisoner on *habeas corpus*, saying that he must apply for relief to the trial court wherein the indictment was pending.

Fully agreeing with the doctrine of that case upon this point, it follows that no inquiry can be had in this proceeding whether the relator was in fact present or absent when the jury was discharged from the further consideration of the indictment, nor whether the decision of the trial court in discharging them was correct or incorrect.

The prisoner has therefore been remanded to the custody of the sheriff of said Hennepin county.

GILFILLAN, C. J., *concurring.* I concur in the decision of this case on the ground that where a party's right to be released from arrest is to be determined upon the proceedings

of a court of record, and the proceedings which are claimed to give the right to be released are not made a matter of record, so that they can be proved by an authenticated copy, *habeas corpus* alone is not a proper mode to bring such proceedings before us. The writ issues to the sheriff. He alone makes return. None can, in response to that writ, be made by the court under whose process the relator is held. The sheriff returns that he holds her under a warrant of commitment issued upon an indictment against her, both regular and within the jurisdiction of the court. Unless these have been superseded by some subsequent proceedings, as, for instance, a judgment of acquittal, or, in case of conviction, a pardon, the justification for detaining the relator is complete. She claims, however, that certain proceedings were had in the court below, the legal effect of which was equivalent to a verdict of acquittal, although there has been no judgment entered in the court below giving them that effect. I think that where there is a verdict of acquittal, or where the proceedings are legally equivalent to such a verdict, the defendant in an indictment is entitled to go free at once, without waiting for the mere formality of entering the proper judgment. The court retains jurisdiction over the cause for the purpose of entering the proper judgment, but as restraint of the defendant's person is not necessary to the exercise of that jurisdiction, the right to restrain does not continue. But the relator offers to lay these proceedings before us, for us to determine their effect on the indictment, not by the record of the district court, nor by any authentic return made by that court, but in part by a certified copy of some of its minutes, and in part by the affidavits or by the oral testimony of bystanders. This, if admitted as correct practice, might lead to great abuses and dangerous interferences with the due course of administering justice in criminal cases. Such evidence of the proceedings of a court of record, where the purpose is to determine the effect of those proceedings upon jurisdiction once acquired, is inadmissible. It would be unseemly

and improper to judge of the effect of the proceedings of such a court in the absence of its records, or an authentic return from the court itself, showing what those proceedings were. As no such record is presented to us, and no such return can be had by *habeas corpus*, that writ alone is not the proper remedy, and the writ ought to be discharged.