## STATE v. MYRON E. BILLINGS.[1]

November 10, 1905.

Nos. 14,262—(5).

Case certified from the district court for Goodhue county, Williston, J. Dismissed.

*Edward T. Young,* Attorney General, *George T. Simpson,* Assistant Attorney General, and *Albert Johnson,* County Attorney, for the state.

*F. M. Wilson,* for defendant.

PER CURIAM.

Defendant was indicted for embezzlement under the provisions of section 6709, G. S. 1894, a jury was impaneled, and after the case had proceeded to trial the county attorney made the statement to the court that he was unable to prove that the corporation alleged in the indictment was a corporation de jure, and offered evidence to prove that it was a corporation de facto. Objection was made and overruled, whereupon the court certified that question, with several others, to this court for answer.

In State v. Byrud, 23 Minn. 29, it was held that to confer jurisdiction of a case certified to this court it should affirmatively appear that the question of law certified arose in one of the two ways mentioned in the statute, viz.: When a person shall have been convicted, or when the question arises on demurrer, a special plea, or upon or relating to any motion to an indictment. In other words, it was held that the court had no power to certify any questions arising in the midst of a trial. It must be either in the course of preliminary proceedings or upon conviction. In State v. Loomis, 27 Minn. 521, 8 N. W. 758, the reasons for the statute are stated: 'To enable a trial court, with the consent of defendant, before the trial of any issue upon the indictment, to procure for his guidance in subsequent proceedings a decision of any doubtful question, to save expense.

The proceeding is dismissed upon the ground that the court has no jurisdiction in the premises.