CITY OF DULUTH v. F. D. ORR.[1]

January 7, 1910.

Nos. 16,437—(206).

**Certifying Question of Criminal Law to Supreme Court.**
    Section 5409, R. L. 1905, authorizing the certification of important questions in criminal prosecutions from the district to the supreme court, has no application to prosecutions commenced in, and which are within the jurisdiction of, municipal courts or courts of justices of the peace.

**Same — Violation of City Ordinance.**
    The certification of a prosecution for a violation of a city ordinance to the district court by the municipal court of the city of Duluth, and by that court to the supreme court, *held* unauthorized, and to confer no jurisdiction upon either the district or supreme court.

In the municipal court of Duluth defendant's demurrer to a complaint which charged him with the violation of an ordinance of that city regulating the storage of explosives was overruled, Cutting, Special Judge. Pursuant to stipulation of counsel, the questions involved were certified to the district court for St. Louis county, where the court, Ensign, Cant, Hughes and Dibell, JJ., answered the questions relating to the regulation of the storage of explosives outside the limits of the city in the affirmative. Pursuant to another stipulation of counsel the questions decided adversely to defendant were certified by the judges of the district court to the supreme court. Dismissed.

*J. P. Laffey* and *H. B. Spencer,* for defendant.
*E. J. Kenny,* for plaintiff.

BROWN, J.

Defendant was complained against in the municipal court of the city of Duluth for the violation of an ordinance of the city, and when arrested and brought before the court interposed a general de-

[1]Reported in 124 N. W. 4.

murrer to the complaint. With the consent of the parties, the court, acting under section 5409, R. L. 1905, certified the questions presented by the demurrer to the district court for determination, and that court in turn certified the questions to this court.

The statute referred to authorizes the district court to certify questions of an important nature to the supreme court in cases where a conviction has been had in that court, or when the questions arise upon demurrer to an indictment. The statute has reference solely to prosecutions in the district court, and does not apply to those commenced in, and which are within the jurisdiction of, municipal courts or courts of justices of the peace. Nor is the statute rendered applicable to the municipal court of Duluth by the provisions of the Duluth charter to the effect that all laws of a general nature shall, so far as applicable, govern and control the proceedings in the municipal court of that city. The statute authorizing the certification of causes by the district court is by its language limited to proceedings in that court, and does not apply to criminal prosecutions in general. The Duluth charter, therefore, does not render the statute applicable to municipal court proceedings. See State v. Billings, 96 Minn. 533, 104 N. W. 1150.

Proceedings dismissed.