## STATE v. SAMUEL G. SMITH.[1]

December 15, 1911.

Nos. 17,235—(1).

**Certified case.**

Section 5409, R. L. 1905, providing for the certification of important and doubtful questions arising upon demurrer to an indictment, or during the trial thereon, to the supreme court for its opinion, does not apply to questions raised by objections to the sufficiency of an affidavit made the basis in the district court of contempt proceedings.

**Affidavit in contempt proceedings not an indictment.**

Such an affidavit is not an "indictment," within the meaning of the statute, and the court is without authority to include it therein by the process of construction.

**Contempt.**

Contempt proceedings, in which important or doubtful questions arise, may be certified to the supreme court only after conviction.

Case certified from the district court for Ramsey County, Orr, J., under R. L. 1905, § 5409, for the determination of the questions stated in the opinion.    Dismissed.

*Richard D. O'Brien,* County Attorney, and *Patrick J. Ryan,* Assistant County Attorney, for the state.

*Durment, Moore & Sanborn,* for defendant.

BROWN, J.

An order to show cause was duly issued in the court below, requiring defendant to appear at a time and place named to answer to a charge of contempt of court.    The order was issued upon an affidavit presented to the court by the county attorney, charging defendant with an attempt to influence the action of a grand juror in respect to a matter then pending before the jury, and which involved the questions whether an indictment should be returned against one

[1] Reported in 133 N. W. 614.

Hubbell on an accusation of manslaughter. On the return day defendant appeared and submitted an affidavit in explanation of the matters charged against him, affirming therein that he supposed and believed he was within his rights as a citizen, that he did not intend thereby to attempt to influence the juror, and that he had no purpose to act in contempt of the authority of the court. His counsel then moved that he be discharged, upon several grounds, only two of which are here involved, namely:

(1) That the affidavit made the basis of the proceeding failed to state facts constituting a contempt of court; and

(2) That the facts so alleged, together with those stated and admitted in defendant's affidavit, were insufficient to justify a conviction of contempt of court.

The court overruled the motion, to which ruling defendant duly excepted. Thereupon, at the request of defendant, the court, acting under section 5409, R. L. 1905, certified the proceeding to this court for the determination of the questions so raised.

We are confronted at the outset with the question of jurisdiction. In other words, may proceedings of this character, before the conviction of the accused, be certified to this court, under section 5409, R. L. 1905, for the determination of the questions raised and involved therein? If not, then the proceedings in this court must be dismissed, for there was no trial or conviction in the court below. The statute referred to provides that, if upon the trial of any person convicted in the district court, or if upon any demurrer or special plea to the indictment, or upon any motion upon or relating thereto, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case and the questions so arising to the supreme court for its decision.

The statute authorizes a certification of criminal cases to this court in two instances only: (1) Where important or doubtful questions arise upon a demurrer or special plea to an indictment; and (2) where such questions arise during the trial. State v. Byrud, 23 Minn. 29. In the first case mentioned the questions may be certified

to this court before trial, but in the second only after trial and conviction.

The case at bar does not come within either class, for the reason that it is not a case of an indictment to which a demurrer or special plea has been interposed, nor has there been a trial and conviction in the court below. The remedy thus provided for the review of questions in criminal prosecutions is special, and the court is not authorized to enlarge. the same by construction. And though the proceedings here involved are essentially criminal, they are summary in their character, and not founded on a formal indictment returned by a grand jury. The statute refers to questions arising upon demurrers or special pleas to indictments, and unless we are to construe the language as disclosing an intention on the part of the legislature to include all forms of criminal complaints or informations, the case at bar does not come within its purpose or scope.

We have given the matter proper consideration, and conclude that the statute should be construed as written, and not extended by construction to include questions arising upon objections to an affidavit made the foundation for contempt proceedings. Before, therefore, this proceeding may be certified to this court, the court below must pass upon the merits of the case and find the defendant guilty. Of course, if he be found not guilty, the case is ended, and there would be no occasion for the opinion of the court. State v. Billings, 96 Minn. 533, 104 N. W. 1150; City of Duluth v. Orr, 109 Minn. 431, 124 N. W. 4.

In all the cases cited and relied on to sustain the jurisdiction of the court in this case, though originating in a municipal or justice court, there was a conviction of the defendant, and they do not sustain the theory that a proceeding in contempt may be certified to this court before conviction.

We have, therefore, no jurisdiction, and are without authority to determine the questions certified, and the proceedings in this court are therefore dismissed.