# STATE v. WALTER M. TOOLE.[2]

December 26, 1913.

Nos. 18,457—(3).

**Certified case.**

Where a case is certified to this court under G. S. 1913, § 9251, the proceeding

1 Reported in 144 N. W. 1135.        2 Reported in 144 N. W. 474.

is purely statutory, and the court has no jurisdiction unless it is within the statute. There is no warrant for certifying questions that have arisen upon a trial in which the jury disagreed. [Reporter.]

Defendant was indicted by the grand jury of Clay county for the crime of selling intoxicating liquor to a minor, tried in the district court for that county before Nye, J., and a jury who disagreed, and the case was certified to this court under G. S. 1913, § 9251. Dismissed.

*Lyndon A. Smith*, Attorney General, and *Christian C. Dosland*, County Attorney, for plaintiff.

*Charles S. Marden, N. I. Johnson* and *James M. Witherow*, for defendant.

PER CURIAM.

Defendant was indicted on the charge of selling liquor to a minor. He was tried and the jury disagreed. Thereupon the trial court, proceeding under G. S. 1913, § 9251, certified to this court certain questions of law arising upon rulings made during the course of the trial and upon portions of the charge to the jury, and requested the opinion of this court upon said questions.

This proceeding is purely statutory. If the proceeding is not one within the statute, no jurisdiction is conferred upon this court. The statute provides for certifying to this court questions arising "upon the trial of any person convicted in any district court, or * * * upon any demurrer or special plea to an indictment, or upon any motion upon or relating thereto." There is no warrant for certifying questions that have arisen upon a trial in which the jury disagreed. This court has acquired no jurisdiction of the case. State v. Billings, 96 Minn. 533, 104 N. W. 1150. The proceeding is accordingly dismissed.