For the reasons stated in State v. Wellman, infra, the certification of this cause to this court for the determination of the question certified is dismissed and the cause remanded to the court below.

---

# STATE v. HARVEY WELLMAN.[1]

## July 18, 1919.

## No. 21,527.

**Criminal law — certification unauthorized by statute.**

Motion to quash an indictment and for the discharge of defendant, on the ground that proof of the facts stated by the county attorney in his opening address to the jury would not warrant a conviction of violation of the statute on which the indictment was founded. The trial court discharged the jury and certified the cause to the supreme court. The certification of the cause was dismissed. *Held*:

(1) The facts do not bring the case within the statute providing for such review. G. S. 1913, § 9251. The question does not arise upon a demurrer or special plea to the indictment nor has there been a conviction thereunder.

(2) The trial court has not decided the question presented by the motion, an essential prerequisite.

(3) The question raised by a motion at the trial challenging the sufficiency of the indictment, or the sufficiency of the evidence to justify a verdict of guilty, can be certified to the supreme court only after defendant has been convicted. [Reporter.]

Harvey Wellman was indicted by the grand jury of Hennepin county. The proceedings in the district court for that county at the trial before Fish, J., are stated in the opinion. The court certified the question to the supreme court. Dismissed and remanded.

*John Berg*, for defendant.

*William M. Nash*, County Attorney, and *Floyd B. Olson*, for the state.

PER CURIAM.

On the trial of this cause and immediately after a jury had been impaneled to try the issues presented by the indictment and defendant's plea of

[1] Reported in 173 N. W. 574.

not guilty, and, after the county attorney had made his opening statement to the jury, counsel for defendant interposed a motion to quash the indictment and for the discharge of defendant, on the ground that on the facts stated by the county attorney there could be no conviction, for such facts if established would not constitute a violation of the statute on which the indictment is founded. Thereupon the court discharged the jury and certified the cause to this court for the determination of the question thus raised.

The certification of the cause to this court must be dismissed. The facts do not bring it within the statute providing for such review. G. S. 1913, § 9251. The question certified does not arise upon a demurrer or special plea to the indictment, nor has there been a conviction thereunder. State v. Toole, 124 Minn. 532, 144 N. W. 474; State v. Billings, 96 Minn. 533, 104 N. W. 1150. Neither has the trial court decided the question presented by defendant's motion; an essential prerequisite. State v. Byrud, 23 Minn. 29; State v. Smith, 116 Minn. 228, 133 N. W. 614. A question arising at the trial by a motion challenging the sufficiency of the indictment or the sufficiency of the evidence to justify a verdict of guilty, can be certified to this court only after the defendant has been convicted. And a question which the trial court has not decided cannot be certified up in any case.

The proceedings in this court are therefore dismissed and the cause remanded for further proceedings.