### STATE v. CLARENCE EATON.[1]

May 23, 1930.

No. 27,955.

[1]Reported in 231 N. W. 6.

*L. K. Eaton,* for defendant.

*Henry N. Benson,* Attorney General, *William H. Gurnee,* Assistant Attorney General, and *John P. Coleman,* County Attorney, for the state.

STONE, J.

This case is certified here under G. S. 1923 (2 Mason, 1927) § 10756, for our consideration of the two questions hereinafter referred to.

December 8, 1925, the banking rooms of the Anoka National Bank at Anoka were robbed. The grand jury, finding probable cause to believe that defendant was one of the robbers, indicted him twice. The first indictment was for a violation of our special statute concerning bank robbery. G. S. 1923 (2 Mason, 1927) § 10106. The second was for grand larceny, the offense being the stealing from the bank on the occasion in question of the sum of $11,500.

Under the first indictment defendant was tried and convicted and is serving a sentence for life imprisonment. He has now attacked the second indictment by motion to quash upon the ground that by the trial under the first indictment he was put in jeopardy for and convicted of the offense charged by the second indictment and that the state is barred from proceeding thereunder.

That motion was denied below but the case certified here for our answer to two questions so phrased as to present for decision on its merits defendant's claim of former jeopardy and conviction.

Defendant is attempting to have tried on motion an issue which is the subject matter of a formal plea in bar. Therefore it is one which should be raised by such a plea and tried accordingly. Our statute, G. S. 1923 (2 Mason, 1927) § 10695, provides that "there are three pleas to an indictment: (1) Guilty; (2) not guilty; (3) a former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of

not guilty." That procedure is, we think, so far mandatory and exclusive as to make it improper to dismiss an indictment by motion made on mere affidavits in advance of the trial. That conclusion follows necessarily from § 10705, which is that "an issue of fact arises [in a criminal case]: (1) Upon a plea of not guilty; or (2) upon a plea of a former conviction or acquittal of the same offense. Every issue of fact shall be tried by a jury." That requires a trial of the issues of fact and law raised by a plea of former jeopardy. It prevents its being disposed of by a motion and upon mere affidavits in advance of the trial. Such a plea, sustained in fact and law, entitles the defendant to a formal judgment of acquittal, a judgment of a kind which follows only a formal trial and decision of the issues as distinguished from an order made on a mere motion. 8 R. C. L. 120; annotations, L. R. A. 1917A, 1233.

So neither the merits of the case nor of the questions certified are properly before us, and the certification must be dismissed.

So ordered.

