STATE EX REL. RAY DUNLAP v. L. F. UTECHT.[1]

July 21, 1939.

No. 32,194.

[1]Reported in 287 N. W. 229.

42

*J. A. A. Burnquist,* Attorney General, *Chester S. Wilson,* Deputy Attorney General, and *M. Tedd Evans,* Assistant Attorney General, for appellant (respondent below).

*Arthur Le Sueur,* for respondent (relator below).

LORING, JUSTICE.

This case comes here on an appeal by the state from an order of the district court in a *habeas corpus* proceeding discharging the relator from the custody of the warden of the state penitentiary.

October 9, 1933, Dunlap was charged with grand larceny in the first degree by an information in the district court of Carver county. The information alleged that he and three confederates stole certain personal property from an occupied dwelling in the nighttime. Another information lodged against him at the same time charged that he with the same confederates stole certain other personal property from the person of Rudolph Luedloff, who was then and there in the same dwelling house described in the other information. He was convicted by juries on both informations and sentenced to consecutive terms in the state penitentiary. Upon the trial of the second information no plea of former jeopardy was entered by Dunlap nor was the question of double jeopardy raised in any other way. The judgments of conviction are fair on their face and import regularity. There is no contention that he was not represented by counsel. Dunlap has now served the sentence on the first conviction and has applied for a writ of *habeas corpus* to obtain his release from confinement in the penitentiary. He prevailed below.

On the face of the two informations the crime charged by each might well be entirely distinct from the other, but in the petition for the writ of *habeas corpus* it is alleged:

"* * * that, at the same time as he was sentenced on the information on which he is now held, he was sentenced under a judgment entered at the same time on a conviction of grand larceny in the first degree based upon exactly the same facts as the information

on which he is now serving time, and has served his full time on the prior conviction, and is, therefore, serving a second time for the same offense under a sentence which he has served in full."

This allegation was admitted *in toto* in the state's return to the writ, and there appears to be no amendment of that return. The state takes the position that the assertion of the petition was an allegation of a legal conclusion and therefore that its admission was of no effect. However, in our opinion, the statement that the two informations and convictions were based upon exactly the same state of facts constituted an allegation of fact, failure to deny which amounted to an admission of the facts alleged except insofar as the copies of the informations attached to the petition contradicted the allegations of the petition. Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 190, 84 N. W. 756.

■ Our statute (2 Mason Minn. St. 1927, § 10705) provides that an issue of fact arises upon a plea of former conviction or acquittal for the same offense. State v. Eaton, 180 Minn. 439, 441, 231 N. W. 6. In the nature of things it could not be otherwise. This issue of fact, if it had been raised at the proper time, was one of which the trial court had jurisdiction upon the arraignment upon the second information. If the question had been raised and the trial court had decided it erroneously, the remedy lay in an appeal to this court.

■ The question now arises whether the relator may by *habeas corpus* at this late date raise and test the question as to whether there was double jeopardy. *Habeas corpus* is an independent proceeding to enforce a civil right and therefore is a collateral attack upon a criminal judgment. Riddle v. Dyche, 262 U. S. 333, 336, 43 S. Ct. 555, 67 L. ed. 1009, 1011; State ex rel. Beekley v. McDonald, 123 Minn. 84, 86, 142 N. W. 1051; State ex rel. Shapiro v. Wall, 187 Minn. 246, 244 N. W. 811, 85 A. L. R. 114; State ex rel. Slayton v. Whittier, 108 Minn. 447, 449, 122 N. W. 319; State ex rel. Nielsen v. Gibbons, 199 Minn. 445, 271 N. W. 873; Goto v. Lane, 265 U. S. 393, 401, 44 S. Ct. 525, 527, 68 L. ed. 1070, 1074. Its history indicates that it arose out of the necessity of protecting the citizen

against lack of due process.   Holdsworth, *Some Lessons From Our Legal History,* p. 59, *et seq.*

■   The writ may not be used as a substitute for a writ of error or appeal, or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant.   Nor does the fact that petitioner has permitted the time to elapse for an appeal or writ of error give him a right to *habeas corpus* as a substitute.   In Goto v. Lane, *supra,* where, upon *habeas corpus* it was contended that the indictment did not charge a public offense and that there was no due process, the court said [265 U. S. 401]:

"The remedy is an extraordinary one, out of the usual course, and involves a collateral attack on the process or judgment constituting the basis of the detention.   The instances in which it is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is peculiar and pressing need for it or where the process or judgment under which the prisoner is held is wholly void.

"This case does not measure up to that test.   The circuit court in which the petitioners were tried and convicted undoubtedly had jurisdiction of the subject matter and of their persons, and the sentence imposed was not in excess of its power.   The offense charged was neither colorless nor an impossible one under the law. The construction to be put on the indictment, its sufficiency and the effect to be given to the stipulation were all matters the determination of which rested primarily with that court.   If it erred in determining them, its judgment was not for that reason void, Ex parte Watkins, 3 Pet. 193, 203, 7 L. ed. 650, 653; Ex parte Parks, 93 U. S. 18, 20, 23 L. ed. 787, 788; Ex parte Yarbrough, 110 U. S. 651, 654, 4 S. Ct. 152, 28 L. ed. 274, 275, but subject to correction in regular course on writ of error.   *If the questions presented involved the application of constitutional principles, that alone did not alter the rule.*   Markuson v. Boucher, 175 U. S. 184, 44 L. ed. 124, 20 Sup. Ct. Rep. 76.   And, if the petitioners permitted the time within which a review on writ of error might be

obtained to elapse and thereby lost the opportunity for such a review, *that gave no right to resort to habeas corpus as a substitute.* Riddle v. Dyche, 262 U. S. 333, 67 L. ed. 1009, 43 Sup. Ct. Rep. 555. And see Craig v. Hecht, 263 U. S. 255, 68 L. ed. 293, 44 Sup. Ct. Rep. 103."

The district court of Carver county had jurisdiction of Dunlap and of the subject matter of the crime charged against him. If he had pleaded former jeopardy it would have been a question of fact for that court to determine. As well said by this court in State ex rel. Noonan v. Sheriff, 24 Minn. 87, 91, quoting from People ex rel. Tweed v. Liscomb, 60 N. Y. 559, 19 Am. R. 211:

"The court had jurisdiction to make wrong as well as right decisions in all the stages of the prosecution, and whether those made were right or wrong cannot be raised on *habeas corpus.*"

The question there sought to be raised by *habeas corpus* was prior acquittal. This court in speaking further with reference to the rulings of the trial court in State ex rel. Noonan v. Sheriff, *supra,* said [24 Minn. 92]:

"However erroneous we might regard them, on error, they cannot be considered nor overruled on *habeas corpus,* which takes cognizance only of such radical defects of a jurisdictional character as render a proceeding not merely voidable, but absolutely void; for it is quite clear that they are not of this character. Hurd on Habeas Corpus, 332-3. The distinction between these two classes of defects is marked and obvious. An error committed in the exercise of a conceded power or jurisdiction is only voidable in its effect, whereas, an act done without any authority or jurisdiction, or in excess of it, is wholly illegal and void."

Here the error or defect complained of falls within the first class mentioned in the last quotation because the trial court in which Dunlap was convicted had jurisdiction to try the very question of fact now sought to be raised and determined in these proceedings.

■ If the trial court had jurisdiction of the offense and of the defendant, it is only where extraordinary circumstances surround-

ing the trial make it a sham and a pretense rather than a real judicial proceeding that *habeas corpus* will lie on the ground that the judgment is a nullity for want of due process, and this is true even though there is a claim of denial of constitutional rights. Goto v. Lane, 265 U. S. 393, 44 S. Ct. 525, 68 L. ed. 1070.

■ The relator places his principal reliance upon the case of Hans Nielsen, Petitioner, 131 U. S. 176, reported in 9 S. Ct. 672, and in the Lawyers' Edition under the title of Ex parte Nielsen, 33 L. ed. 118. In a matter of this character we are bound to follow the decisions of the United States Supreme Court only insofar as the question of due process under the fourteenth amendment is involved. 15 C. J. p. 928, § 317, and cases cited.

■ In the Nielsen case the government sought to prosecute Nielsen in the territory of Utah for adultery with one of his plural wives after he had been convicted for violation of the act of congress forbidding plural cohabitation covering the period for which he was later charged with the adultery. In that case the defendant pleaded former conviction on the arraignment on the indictment for adultery, the plea was overruled, and the defendant was tried and convicted and a commitment rendered him into the custody of the United States marshal for incarceration in the territorial penitentiary. Thereupon he applied for a writ of *habeas corpus,* which was denied by the district court, and Nielsen appealed to the Supreme Court of the United States, which reversed the district court and remanded the case with directions to issue the writ as prayed for. The decision was based upon the theory that where the plea of former jeopardy was properly raised and established the court was without authority to render a judgment because the rendition of such a judgment would be a violation of the defendant's constitutional immunity against double jeopardy for the same offense. The court seems to have given no weight to the fact that the trial court in which the plea was raised had jurisdiction to try the plea, and if it determined the issue erroneously its decision could be reviewed by writ of error. The Nielsen case was cited to the court in the subsequent case of Goto v. Lane, *supra,* from which we have quoted above, and in Riddle v. Dyche, 262 U. S. 333, 67

L. ed. 1009, 43 S: Ct. 555, but is not mentioned or discussed in the opinion in either case. However that may be, the latest utterance of the Supreme Court holds that constitutional rights may be waived. In Johnson v. Zerbst, 304 U. S. 458, 467, 58 S. Ct. 1019, 1024, 82 L. ed. 1461, in which the court reviewed by *habeas corpus* a conviction of the petitioner for counterfeiting where he had not been given the assistance of counsel as required by the federal constitution, it was held that compliance with the constitutional mandate of the sixth amendment was an essential jurisdictional prerequisite to a federal court's authority to deprive an accused of his liberty, but that "when this right is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence." In the Nielsen case there was no waiver, whereas in the case at bar where the petitioner was represented by counsel and was presumably fully aware of his rights, there was conclusively a waiver under our decisions. We are committed to the view that if the defense of double jeopardy is not raised by plea it is waived. State v. Warner, 165 Minn. 79, 205 N. W. 692. Consequently, there was no violation of the defendant's rights under our constitutional mandate against double jeopardy and no violation of the due process clause of the fourteenth amendment. The weight of authority is in accord with the views herein expressed. 14 Am. Jur., Criminal Law, § 277, *et seq.* and cases cited.

The order of the trial court is reversed, the writ of *habeas corpus* is discharged, and the petitioner is remanded to the custody of the warden of the Minnesota State Prison for execution of the sentence of the district court on the second information.

So ordered and adjudged.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.