## STATE v. ROGER BRISTOL.

149 N. W. (2d) 84.

March 3, 1967—No. 40,583.

*Gerald M. Singer,* for appellant.

*Robert W. Mattson,* Attorney General, and *Linus J. Hammond,* Assistant Attorney General, for respondent.

NELSON, JUSTICE.

This case raises the issue of whether an order denying a pretrial motion to suppress evidence under the rule announced in State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3, and certified by the trial judge as a "doubtful question" is an appealable order.

On March 2, 1966, defendant, Roger Bristol, was arrested by two agents of the State Crime Bureau pursuant to a warrant on the front steps of his home. He refused to allow the arresting officers to enter his home. Consequently, the agents, without a search warrant, smashed a quarter-panel of glass in the front door and, by that means, gained entrance into the house. While searching the house, the officers came upon a battery charger in a bedroom which they took into their possession, presumably as stolen property. Defendant was thereafter charged with burglary of the Farmers Equipment Center in Grand Rapids, Minnesota.

Pursuant to Minn. St. 626.21, and citing State ex rel. Rasmussen v. Tahash, *supra,* defendant moved to suppress the battery charger taken from his home at the time of his arrest. After an evidentiary hearing the motion was denied. The trial court thereupon made the statement:

"However, the Court is satisfied that in view of the rapidly changing views by Courts as to such matters that its decision here is doubtful and it hereby certifies its decision here to be a doubtful question."

■ There seems to be little doubt that an order denying a motion to suppress evidence in a criminal matter is not an appealable order. State v. Collins, 270 Minn. 581, 132 N. W. (2d) 802. See, also, 24 C. J. S., Criminal Law, § 1644, p. 996, which states:

"* * * Orders made during the pendency of a criminal action deny-

ing motions to * * * suppress evidence illegally obtained * * * are interlocutory and not appealable."

However, in State v. Collins, *supra,* the question was not certified by the district court as a doubtful question. It seems to be clear that when the issue is not certified § 632.01 is applicable. Under that section removal to the supreme court may be made by appeal or writ of error. Section 632.01 reads:

"Criminal cases may be removed by the defendant to the supreme court, by appeal or writ or error, at any time within six months *after judgment,* or *after the decision* of a motion denying a new trial * * *." (Italics supplied.)

The record clearly indicates that there has not been a trial, a conviction, a sentence or judgment, or a motion for a new trial entered in the pending case. Clearly, under such circumstances the order denying the motion to suppress the evidence is not appealable under this statute.

■ Perhaps a more difficult issue is presented because this question has at this stage of the proceedings been certified to the supreme court. Minn. St. 632.10 says:

"If upon the trial of any person convicted in any district court, or if, upon any demurrer or special plea to an indictment, or upon *any motion* upon or relating thereto, any *question of law* shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present *the question of law* arising therein, and certify the report to the supreme court * * *." (Italics supplied.)

Under the certification statute this court may review a ruling by the district court on a question of law; but the question remains, at what point in a criminal proceeding. The more important and searching question is whether this court should as a matter of policy entertain intermediate appeals prior to any final determination in a criminal case because the trial judge decides to certify what in fact is a preliminary question to this court for decision.

Traditionally, the general principle of appellate jurisdiction derived from the common law requires that review of nisi prius proceedings must await their termination by final judgment. Mr. Justice Frankfurter in DiBella v. United States, 369 U. S. 121, 124, 82 S. Ct. 654, 656, 7 L. ed. (2d) 614, 617, said:

"* * * This insistence on finality and prohibition of piecemeal review discourage undue litigiousness and leaden-footed administration of justice, particularly damaging to the conduct of criminal cases."

This court in State v. Schifsky, 243 Minn. 533, 537, 69 N. W. (2d) 89, 93, held:

"The statute authorizing the trial court to certify important or doubtful questions is not a substitute for appeal * * *."

In State v. Smith, 116 Minn. 228, 229, 133 N. W. 614, 615, this court said with reference to § 632.10 (then R. L. 1905, § 5409):

"The statute authorizes a certification of criminal cases to this court in two instances only: (1) Where important or doubtful questions arise upon a demurrer or special plea to an indictment; and (2) where such questions arise during the trial. State v. Byrud, 23 Minn. 29. In the first case mentioned the questions may be certified to this court before trial, but in the second only after trial and conviction."

In State v. Toole, 124 Minn. 532, 144 N. W. 474, defendant was indicted on the charge of selling liquor to a minor. He was tried and the jury disagreed. The trial court thereupon, proceeding under what was then G. S. 1913, § 9251, certified to this court certain questions of law arising upon rulings made during the course of the trial. We ordered the case dismissed, saying (124 Minn. 533, 144 N. W. 474):

"This proceeding is purely statutory. If the proceeding is not one within the statute, no jurisdiction is conferred upon this court. The statute provides for certifying to this court questions arising 'upon the trial of any person convicted in any district court, or * * * upon any demurrer or special plea to an indictment, or upon any motion upon or relating thereto.' There is no warrant for certifying questions that have arisen upon a trial in which the jury disagreed. This court has acquired

no jurisdiction of the case. State v. Billings, 96 Minn. 533, 104 N. W. 1150. The proceeding is accordingly dismissed."

See, also, State v. Wellman, 143 Minn. 488, 173 N. W. 574; State v. Lyckholm, 150 Minn. 532, 185 N. W. 291.

With respect to the practice in the Federal courts, the United States Supreme Court in DiBella v. United States, *supra*, held that an order of a Federal District Court granting or denying a preindictment motion under Federal Rules of Criminal Procedure, Rule 41(e), to suppress the evidentiary use in a Federal criminal trial of property allegedly procured through an unlawful search and seizure is not appealable.

Cobbledick v. United States, 309 U. S. 323, 325, 60 S. Ct. 540, 541, 84 L. ed. 783, 785, a unanimous opinion written by Mr. Justice Frankfurter, points out the reasons for allowing appeals by defendants in criminal cases only from final conviction. Among those mentioned are that "the right to a judgment from more than one court is a matter of grace and not a necessary ingredient of justice" and that "encouragement of delay is fatal to the vindication of the criminal law." He concluded: "The correctness of a trial court's rejection even of a constitutional claim made by the accused in the process of prosecution must await his conviction before its reconsideration by an appellate tribunal. Cogen v. United States, 278 U. S. 221 [49 S. Ct. 118, 73 L. ed. 275]."

The Cogen case, in an opinion written by Mr. Justice Brandeis for an undivided court, clearly holds that a motion to suppress evidence in a criminal case "is but a step * * * preliminary to the trial thereof. * * * In all such cases the order made on the motion is interlocutory merely." 278 U. S. 227, 49 S. Ct. 120, 73 L. ed. 282.

The proceedings are accordingly dismissed in this court and the cause remanded for further proceedings in the court below.