## STATE v. JENS MOLLER.

149 N. W. (2d) 274.

March 10, 1967—No. 40,229.

---

186

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Donald J. Callaghan,* County Attorney, for the State.

*John M. Smith,* for defendant.

MURPHY, JUSTICE.

This case is before us on certification by the district court which propounds questions the trial court considers so important and doubtful as to require a decision of this court.

The issue arose in the district court at the time of defendant's arraignment on an information which charged obstructing a legal arrest. Minn. St. 609.50(1). The defense moved in the alternative to acquit defendant of the charge or to dismiss the information, asserting that defendant had prior thereto been convicted in municipal court of the offense of disorderly conduct, which grew out of the same conduct as that upon which the second charge is predicated. § 609.04, subd. 2. Upon agreement by both counsel, the trial court inquires whether, under the circumstances disclosed by the record, the prosecution is prohibited by § 609.035, which provides:

"Except as provided in section 609.585, if a person's conduct constitutes more than one offense under the laws of this state he may be punished for only one of such offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All such offenses may be included in one prosecution which shall be stated in separate counts."

Since we hold that the issue presented is not properly here on certification authorized by § 632.10,[1] it is unnecessary to review the circumstances giving rise to these proceedings.

---

[1] "If upon the trial of any person convicted in any district court, or if, upon any demurrer or special plea to an indictment, or upon any motion

■ The appropriate use of the certification statute is discussed in the recent case of State v. Bristol, 276 Minn. 158, 149 N. W. (2d) 84. The precise reason we do not consider the certification here is that it asks us to pass upon a question of fact. The plea asserted by defendant does not attack the sufficiency of the information or deny any of the allegations. It merely asserts former conviction as an affirmative defense. Minn. St. 631.01 provides in part:

"An issue of fact arises upon a plea of * * * former conviction or acquittal of the same offense."

The defendant has the burden of proof as to this defense. State v. Healy, 136 Minn. 264, 161 N. W. 590, L. R. A. 1917 D, 726; State v. Eaton, 180 Minn. 439, 231 N. W. 6; State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; 5A Dunnell, Dig. (3 ed.) §§ 2427a, 2427b; 21 Am. Jur. (2d) Criminal Law, §§ 480, 481.

■ The function of the statute authorizing certification by the trial court is to submit to the supreme court one or more important or doubtful questions of law and not the general question of whether evidence shows or proves defendant to be guilty or innocent, which is a mixed question of fact and law to be decided by the jury, aided by the advice of the trial judge as to the law of the case. Moreover, the statute is not to be used as a substitute for appeal or to secure an advisory opinion. State v. Dumas, 118 Minn. 77, 136 N. W. 311, 41 L. R. A. (N. S.) 439; State v. Loomis, 27 Minn. 521, 8 N. W. 758; State v. Billings, 96 Minn. 533, 104 N. W. 1150; State v. Smith, 116 Minn. 228, 133 N. W. 614;

upon or relating thereto, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law arising therein, and certify the report to the supreme court, and thereupon all proceedings in the cause shall be stayed until the decision of the supreme court shall have been made. The county attorney shall, upon the certification of any such report, forthwith furnish a copy thereof to the attorney general at the expense of the county. Other criminal causes in such court involving or depending upon the same question may, if the defendants so request, or consent thereto, be stayed in like manner until the decision of the cause so certified."

State v. Wellman, 143 Minn. 488, 173 N. W. 574; State v. Lyckholm, 150 Minn. 532, 185 N. W. 291; State v. Schifsky, 243 Minn. 533, 69 N. W. (2d) 89; 5B Dunnell, Dig. (3 ed.) § 2493; 5 Am. Jur. (2d) Appeal and Error, §§ 1025, 1026, 1027, and 1028.

Since neither the merits of the case nor the questions certified are properly before us, the certifications must be dismissed.