## STATE v. ROBERT FRANCIS KING.

156 N. W. (2d) 742.

February 2, 1968—No. 41,192.

---

*Douglas M. Head,* Attorney General, and *D. P. Mattson,* County Attorney, for appellant.

*John S. Gowan,* for respondent.

SHERAN, JUSTICE.

Appeal by the State of Minnesota pursuant to Minn. St. 632.11, subd. 1 (Ex. Sess. L. 1967, c. 7, § 1, subd. 1),[1] coupled with a certification of questions pursuant to § 632.10.[2]

On September 20, 1967, defendant, Robert Francis King, was in-

---

[1] Minn. St. 632.11, subd. 1, provides in part: "In criminal cases the state may appeal in the following instances:

\* \* \* \* \*

"(3) From an order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement as provided in section 632.12."

[2] Section 632.10 provides in part: "If upon the trial of any person convicted in any district court, or if, upon any demurrer or special plea to an indictment, or upon any motion upon or relating thereto, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law arising therein, and certify the report to the supreme court, and thereupon all proceedings in the cause shall be stayed until the decision of the supreme court shall have been made."

dicted for the crime of murder in the first degree on account of the death of Floyd Joseph Haley occurring at Rochester, Minnesota, on August 6, 1967.

Defendant was arraigned and on October 6, 1967, interposed a plea of not guilty. As the result of disclosures made by the state with respect to evidence to be offered at trial in support of the indictment, a pretrial hearing of defendant's claim that the receipt of such evidence would be violative of his constitutional rights was held in conformity with State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3. At the conclusion of this hearing, the trial court determined formally that certain statements made by defendant to police officials of the city of Rochester on August 23, 1967, were obtained because of procedures which failed to conform to constitutional standards and that these statements together with physical evidence discovered on August 24, 1967, which would not have been obtained by the state had the August 23rd disclosures not been made, could not be used as evidence at the time of trial. The trial court also determined that certain other evidence disclosed by the state had not been rendered unusable because of the method of its acquisition.

■ Minn. St. 632.11, effective July 1, 1967, provides that in criminal cases the state may appeal from an order suppressing a confession or admission when the appeal is accompanied by an averment (as provided in § 632.12) pertaining to the effect of the pretrial determination upon the prosecution's case. Without acceding to the conclusions set out in this statement, we have examined the record in light of the state's contention that the August 23, 1967, statements and the physical evidence produced by them were not improperly secured.

Our review of a pretrial order involving the admissibility of evidence contested upon Federal constitutional grounds is subject to these limitations:

(a) A prompt determination must be made so that trial on the merits will not be delayed unduly.

(b) The opinion must not be so expressed as to interfere with the fairness of the trial on the merits in the court of original jurisdiction.

(c) Recent developments in the criminal law make the United States

Supreme Court the arbiter of (a) the admissibility of evidence such as that here involved and (b) the prejudicial effect of the erroneous reception of such evidence. Jackson v. Denno, 378 U. S. 368, 84 S. Ct. 1774, 12 L. ed. (2d) 908; Sims v. Georgia, 385 U. S. 538, 87 S. Ct. 639, 17 L. ed. (2d) 593; Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837.

■ Subject to these limitations, we resolve the present appeal under § 632.11 by declaring:

(a) The finding of the trial judge, who had the opportunity of observing the witnesses and assessing the significance of their testimony, that the August 23, 1967, statements were involuntary is justified by the evidence and in accord with recent decisions of the United States Supreme Court relevant to this problem. Lynumn v. Illinois, 372 U. S. 528, 83 S. Ct. 917, 9 L. ed. (2d) 922; Haynes v. Washington, 373 U. S. 503, 83 S. Ct. 1336, 10 L. ed. (2d) 513.

(b) Accepting the finding that the statements of August 23, 1967, were not voluntary and recognizing that the physical evidence secured on August 24, 1967, came into the possession of the authorities only because of the August 23rd statement, the determination of the trial court with respect to that evidence in *this* particular case is also affirmed. Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. ed. (2d) 411. Cf. Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081; Beck v. Ohio, 379 U. S. 89, 85 S. Ct. 223, 13 L. ed. (2d) 142.

■ Review of the rulings of the trial court declaring that certain evidence which the state will offer at trial was *not* obtained in violation of the defendant's constitutional rights is not permitted by Minn. St. 632.11 and is not contemplated by § 632.10, which permits the certification of important or doubtful questions in criminal cases only after trial and conviction unless the important or doubtful question arises upon a demurrer or special plea to an indictment. State v. Smith, 116 Minn. 228, 133 N. W. 614; State v. Bristol, 276 Minn. 158, 149 N. W. (2d) 84.

Affirmed.