STATE v. RICHARD LARSON.

197 N. W. 2d 667.

April 28, 1972—No. 42945.

*John E. Jansen,* County Attorney, for the state.
*Dennis J. Holisak,* for defendant.

Considered by Knutson, C. J., and Kelly, Todd, and Mason, JJ.

PER CURIAM.

This case is before this court upon certification by the Washington County Municipal Court of the following question: When a judge, sitting as trier of fact, orders a mistrial without the consent of defendant, on the grounds that the court has been prejudiced by certain irregularities occurring after all the evidence was in, should a plea of former jeopardy be sustained in a new trial? The question was purportedly certified pursuant to Minn. St. 632.10.

Defendant was before the municipal court on charges of disorderly conduct, Minn. St. 1969, § 609.72, and making an anonymous telephone call with intent to threaten or harass, Minn. St. 609.79, subd. 1(1)(b).

It is settled law that, in a criminal proceeding, questions which in the opinion of the trial court are so important and doubtful as to require a decision by this court, may be certified pursuant to § 632.10 for our consideration in two instances only: (1) Where the question arises upon demurrer or special plea to an indictment, or (2) following conviction in a district court, where the question arose during trial. Since the certification proceeding is statutory, no jurisdiction is conferred upon this court to consider a certified question absent one of those two situations. State v. Bristol, 276 Minn. 158, 149 N. W. 2d 84 (1967); State v. Smith, 116 Minn. 228, 133 N. W. 614 (1911). Moreover, the statute allowing these proceedings is limited in its application to district court actions, and it has no application whatsoever to proceedings brought in

a municipal court. City of Duluth v. Orr, 109 Minn. 431, 124 N. W. 4 (1910).

This case not being properly before this court, the proceedings are dismissed and the cause remanded.