# T. EUGENE THOMPSON v. STATE.
# DONALD JOHN GIESE, APPELLANT.

170 N. W. (2d) 101.

August 1, 1969—No. 41893.

*Sidney P. Abramson, Theodore J. Collins,* and *O'Connor, Collins & Abramson,* for appellant.

*Robins, Meshbesher, Singer & Spence, Ronald I. Meshbesher,* and *Morley Friedman,* for petitioner.

*Francis X. Helgesen, Helgesen, Peterson, Engberg & Spector,* for Newspaper Guild of the Twin Cities, amicus curiae.

MURPHY, JUSTICE.

We are presented with certification of a question which the trial court considered doubtful or important (Minn. St. 632.10), arising out of a postconviction proceeding (§§ 590.01 to 590.06), instituted by petition of T. Eugene Thompson, who is now serving a sentence for the offense of first-degree murder. State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490.

In the proceeding, Donald John Giese, a newspaper reporter, was called as a witness, presumably to give testimony relating to Thompson's claim that he was "denied his Constitutional right to a fair and impartial trial because the prosecutor, police and their agents stimulated some of the adverse publicity, which contaminated the jurors, by releasing information and making prejudicial pretrial statements to the news media that were improper, unethical and calculated to persuade those exposed to such statements of petitioner's guilt." From the skeletal record it appears that Giese was merely asked by petitioner's counsel, "And who were the sources of your information for the news articles that you wrote in connection with the murder of Carol Thompson?" Giese refused to answer, saying, "I think that this deprives me of my right to confidential news sources and my right to keep those confidential news sources; and two, it tends to violate the basic ethics of the profession of journalism; and three, it tends to deprive me of property without due process of law in violation of the Fourteenth Amendment to the United States Constitution." The trial court accordingly found the witness in contempt and sentenced him to 90 days in the county jail.

On this record we are asked to rule on the question of whether a newspaper reporter is protected by a privilege so that he may legally refuse to answer questions put to him which might require him to divulge the name of confidential informants; whether the question called for an answer which would be violative of journalistic ethics; and whether the question called for an answer which, if given, "might tend to deprive said witness of a valuable property right in violation of the due process clause of the United States Constitution."

■ We are of the view that the certification is contrived and presents nothing more than a speculative question which counsel and the court below would like to have us explore. There is nothing in the record to indicate an attempt by the petitioner to direct the inquiry to a particular newspaper article or articles, to identify their contents, or to relate them to a denial of a basic constitutional right. There is no attempt made to determine dates involved nor does the question relate to any of the innumerable facets involved in the prosecution of the petitioner. We agree with the observation expressed in the amicus curiae brief of the Newspaper Guild of the Twin Cities, American Newspaper Guild, Local No. 2—AFL-CIO-CCL., that it is not apparent from the "scattergun" question whether the "information sought was either relevant, material or involved the identification of individuals whose identity might not have already been known * * * or could have been easily identified in another way."

No authority has been cited which would establish a basis for a finding of contempt of court for failure to answer a question with respect to sources as vague and imprecise as the one contained in the record. We are asked to assume that Giese did in fact cause to be published certain relevant information which was prejudicial and that the petitioner is entitled to know the source of such information so that he might use it in proving that

his conviction resulted from a denial of his rights.[1] There is nothing in the record to warrant such an assumption.

■ The function of the statute authorizing certification by the trial court is not to present a hypothetical question or to secure an advisory opinion. The certification should be carefully and precisely framed so as to present distinctly and clearly the question of law involved and should not be presented until the record is developed to the point where the question is relevant and presents a substantive issue. An appellate court will not consider abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances. State v. Moller, 276 Minn. 185, 149 N. W. (2d) 274; Powers v. State Highway Board, 123 Vt. 1, 178 A. (2d) 390; Lowden v. Northwestern Nat. Bank & Trust Co. 298 U. S. 160, 56 S. Ct. 696, 80 L. ed. 1114; 5 Am. Jur. (2d) Appeal and Error, § 1027.

■ The record before us prompts certain observations as to the appropriate uses of postconviction proceedings provided for by Minn. St. 590.01 to 590.06. These procedures were not devised to permit parties to engage in legal games or to permit a petitioner to embark upon unlimited and undefined discovery proceedings. Following Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837, and Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770, which held that a convicted defendant was entitled to a habeas corpus hearing where denial of a funda-

---

[1] It may be added as an aside that there is no paucity of authority on this issue. State v. Kasherman, 177 Minn. 200, 224 N. W. 838; Blair v. United States, 250 U. S. 273, 39 S. Ct. 468, 63 L. ed. 979; Garland v. Torre (2 Cir.) 259 F. (2d) 545, certiorari denied, 358 U. S. 910, 79 S. Ct. 237, 3 L. ed. (2d) 231; In re Goodfader's Appeal, 45 Hawaii 317, 367 P. (2d) 472; 58 Am. Jur., Witnesses, § 546; 97 C. J. S., Witnesses, §§ 27, 259; 8 Wigmore, Evidence (McNaughton Rev. 1961) § 2190; Minn. Const. art. 1, § 6; 7 A. L. R. (3d) 591. No statute in Minnesota protects the asserted privilege.

mental right was alleged, §§ 590.01[2] to 590.06 were enacted to provide a postconviction remedy by which a defendant may attack the judgment of conviction. In such proceedings petitioner's proof must establish that he has been denied a protection guaranteed by the Bill of Rights or that he was deprived of fair treatment amounting to a violation of fundamental rights of due process. Minn. St. 590.04, subd. 3, provides in part:

"Unless otherwise ordered by the court the burden of proof of the facts alleged in the petition shall be upon the petitioner to establish such facts by a fair preponderance of the evidence."

State ex rel. Gray v. Tahash, 279 Minn. 248, 156 N. W. (2d) 228; Cable v. State, 284 Minn. 89, 169 N. W. (2d) 391.

In postconviction proceedings there must be a real basis for the examination of witnesses, and the examination must focus upon a concrete claim of prejudice or denial of a constitutional right.

Judgment of contempt is reversed and the case remanded for further proceedings.

---

[2]Minn. St. 590.01 provides: "Subdivision 1. Except at a time when direct appellate relief is available, a person convicted of a crime, who claims that the conviction was obtained, or that the sentence or other disposition made violated his rights under the constitution or laws of the United States or of the state, may commence a proceeding to secure relief therefrom by filing a petition in the district court in the county wherein the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to resentence him or grant a new trial or correct the sentence or make such other disposition as may be appropriate. Such proceeding shall conform with sections 590.01 to 590.06.

"Subd. 2. This remedy takes the place of any other common law, statutory or other remedies which may have been available for challenging the validity of a conviction, sentence, or other disposition and must be used exclusively in place of them unless it is inadequate or ineffective to test the legality of the conviction, sentence or other disposition."