## STATE v. PREDRAG P. FILIPOVIC.

251 N. W. 2d 110.

February 10, 1977—No. 46631.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for plaintiff.

*Richard H. Knutson,* for defendant.

Heard before Todd, Yetka, and Winton, JJ., and considered and decided by the court en banc.

CRANE WINTON, JUSTICE.*

This case comes here upon a certified report of the trial court made pursuant to Rules of Criminal Procedure, Rule 29.02, subd. 4, posing the question whether consent by a complainant who is at least 13 but less than 16 years of age is a defense to the charge of criminal sexual conduct in the fourth degree as defined by Minn. St. 609.345(b). This court has concluded for the reasons hereafter given that answering the question on the present stance of the record would be inappropriate. The case, therefore, is remanded to the trial court without an answer to the question certified.

As stated, the defendant, aged 35 years, has been charged by complaint with the offense of criminal sexual conduct in the fourth degree with a 15-year-old girl. In due course he entered a not guilty plea and the case was set for trial February 10, 1976. During a preliminary conference in chambers, defendant's counsel declared his intention to make a motion for dismissal of the case on the grounds of ambiguity in the statutory language de-

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

fining the elements of the crime and the defenses thereto.[1] More specifically, he claimed that it was impossible to tell whether one accused of the offense could avail himself of the defense of consent.[2] The judge responded that he would not entertain the motion unless satisfied that testimony by the defendant would support the defense of consent.[3] He then ordered testimony to be taken from the defendant under full constitutional safeguards against self-incrimination solely for the purpose of determining whether there was evidence to support a jury finding that the girl consented to the act charged. After the defendant's testi-

---

[1] Minn. St. 1975 Supp. § 609.345 provides: "A person is guilty of criminal sexual conduct in the fourth degree and may be sentenced to imprisonment for not more than five years, if he engages in sexual contact with another person and if any of the following circumstances exists:

"(a) The complainant is under 13 years of age and the actor is no less than 36 months older than the complainant. Neither mistake as to the complainant's age or consent to the act by the complainant is a defense; or

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant or in a position of authority over the complainant and uses this authority to coerce the complainant to submit. In any such case, it shall be an affirmative defense which must be proved by a preponderance of the evidence that the actor reasonably believes the complainant to be 16 years of age or older; or

"(c) The actor uses force or coercion to accomplish the sexual contact; or

"(d) The actor knows or has reason to know that the complainant is mentally defective, mentally incapacitated, or physically helpless."

[2] The case comes to this court without any transcript of the proceedings either in chambers or in court when the defendant's testimony was taken as hereafter described. Our summary of the facts is derived from the trial judge's report.

[3] The police interviewed both the girl and the defendant, and copies of the resulting reports are included in the appendix to the state's brief. When interviewed, the girl maintained that she resisted the defendant's advances. For his part the defendant stated that the girl was the aggressor and denied either kissing or touching her.

mony was taken under oath, the trial judge found that the evidence was sufficient to raise the issue of consent "on a prima facie basis."

In his report the trial judge noted that Minn. St. 609.345(b) provides that mistake in age is an affirmative defense but is silent about consent. Why the case was reported and the question certified is best stated by the trial judge in his memorandum:

"Following the testimony of the defendant, the Court entertained the motion of the defendant to dismiss the case, and it is pursuant to this motion to dismiss that the Court is certifying to the Supreme Court the question of law set forth below relative to the issue of consent, because the Court feels that this question is important and doubtful and should be determined prior to the trial of the captioned action. If consent is available to the defendant as a defense, it may well be that the prosecution will join in the dismissal motion. If it is not available as a defense, the matter may well be disposed of without the necessity of a trial."

This court thus is presented with a request to answer a question of law before commencement of a trial that may not be held upon the basis of testimony that may never be given even if the case proceeds to trial. The question is whether it is appropriate for the court to answer the question certified under such circumstances.

Rules of Criminal Procedure, Rule 29.02, subd. 4, governs the certification of proceedings in felony and gross misdemeanor cases and provides in so far as material here:

"If, upon the trial of any person convicted in any district court, or if, upon any motion to dismiss a complaint or indictment, or upon any motion relating to the indictment or complaint, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require a decision of the Supreme Court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law, and certify the report to the Supreme

Court, whereupon all proceedings in the case shall be stayed until the decision of the Supreme Court."

Minn. St. 632.10, superseded by Rule 29.02, subd. 4, had made provision for certification in criminal proceedings.[4] Hence, reference can appropriately be made to the case law concerning application of the statute for guidance in defining the application of the rule.

Although certification is a proper means of presenting important or doubtful questions of law, State v. Dumas, 118 Minn. 77, 136 N. W. 311 (1912), this court has imposed and enforced limitations on its use.[5] The certification procedure should not be used to present a hypothetical question or to secure an advisory opinion. Nor should it be invoked until the record is sufficiently developed to present a substantive issue. Thompson v. State, 284 Minn. 274, 170 N. W. 2d 101 (1969); State v. Moller, 276 Minn. 185, 149 N. W. 2d 274 (1967).

As presented, the question certified here is one of law and, to that extent, proper. Moreover, the fact that the trial court did not rule on the question does not affect the propriety of the certification. State v. Reps, 302 Minn. 38, 223 N. W. 2d 780 (1974). The conclusion, however, that in the present stage of the proceedings the question is hypothetical seems inescapable. The defendant has testified under oath but for a limited purpose and only

---

[4] The portions of Minn. St. 632.10 which are parallel to the quoted part of Rules of Criminal Procedure, Rule 29.02, subd. 4, state: "If upon the trial of any person convicted in any district court, or if, upon any demurrer or special plea to an indictment, or upon any motion upon or relating thereto, any question of law shall arise which in the opinion of the judge is so important or doubtful as to require the decision of the supreme court, he shall, if the defendant shall request or consent thereto, report the case, so far as may be necessary to present the question of law arising therein, and certify the report to the supreme court, and thereupon all proceedings in the cause shall be stayed until the decision of the supreme court shall have been made."

[5] See, for example, State v. Bristol, 276 Minn. 158, 149 N. W. 2d 84 (1967).

after being made fully secure in his constitutional privilege against self-incrimination. Whether he would waive his immunity and testify at a trial on the merits is not known. Nor does it seem by any means clear from the trial judge's report that trial of the case is certain were the question to be answered either affirmatively or negatively. Indeed it does not clearly appear that an answer to the question would be dispositive of the pending motion to dismiss the complaint. Hence, any opinion answering the question would be purely advisory in nature at this juncture in the proceedings and, therefore, inappropriate.

This court, therefore, concludes that in the present posture of the case, the certified question should not be answered and that the case should be remanded for such further proceedings as are appropriate.

Remanded.

MR. JUSTICE KNUTSON took no part in the consideration or decision of this case.