*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0244**

State of Minnesota,
Plaintiff,

vs.

William John Boyland,
Defendant.

**Filed August 4, 2014
Appeal dismissed
Kirk, Judge**

Le Sueur County District Court
File No. 40-CR-12-1391

Lori Swanson, Attorney General, St. Paul, Minnesota; and

James W. Brandt, Special Le Sueur City Attorney, Stefanie L. Menning, Special Assistant City Attorney, St. Peter, Minnesota (for plaintiff)

James M. Ventura, Wayzata, Minnesota (for defendant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

The state charged defendant with fourth-degree driving while impaired and possession of an open bottle in a vehicle, and defendant moved to suppress the results of his breath test. After the district court denied defendant's motion because it found that

the police officer acted in good faith when he obtained the breath evidence, the Minnesota Supreme Court issued its decision in *State v. Brooks*, 838 N.W.2d 563 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). Defendant requested that the district court reconsider its decision in light of *Brooks*, but the district court denied his request. Instead, the district court certified the question of whether the good-faith exception to the exclusionary rule applies to breath alcohol evidence obtained without a warrant under Minn. R. Crim. P. 28.03. Because we conclude that the certified question presents a hypothetical question or is intended to secure an advisory opinion, we decline to address the question and dismiss the appeal.

## FACTS

At approximately 9:15 p.m. on November 21, 2012, a Le Sueur police officer observed a vehicle driving southbound on Forest Prairie Road in Le Sueur with its high-beam headlights on. After the vehicle passed the officer's vehicle without dimming its headlights, the officer followed the vehicle.

As the officer got closer to the vehicle, he observed the driver's side tires drive on and briefly cross over the center double-yellow line. The officer activated his emergency lights and initiated a traffic stop. The officer recognized the driver from previous contacts as defendant William John Boyland. Boyland got out of his vehicle and spoke to the officer. The officer noticed that Boyland was slightly unsteady on his feet and swayed from side to side, his speech was slurred, and he smelled of alcohol. Boyland admitted that he had consumed a few beers. The officer administered field sobriety tests,

which Boyland failed. The officer also administered a preliminary breath test, which registered Boyland's alcohol concentration as .166.

The officer searched Boyland's vehicle and in the center console he found a can containing a small amount of beer and an unopened can of beer. He also found five empty beer cans in a cooler behind the driver's seat. The officer read Boyland the implied-consent advisory, and asked if he understood. Boyland responded, "Yes." The officer asked Boyland if he wanted to consult with an attorney, and he responded, "Yes." After Boyland spoke to an attorney by telephone, the officer asked him if he would take a breath test. Boyland responded, "Yes." Boyland provided a breath test that measured a .17 alcohol concentration. The officer did not attempt to obtain a warrant prior to administering the breath test.

In December 2012, plaintiff State of Minnesota charged Boyland with two counts of fourth-degree driving while impaired and one count of possession of an open bottle in a vehicle. Boyland moved to suppress the results of the breath test and dismiss the charges against him. Following a hearing, the district court denied Boyland's motion to suppress. The district court found that the officer obtained the breath evidence from Boyland in violation of the Fourth Amendment, and neither the exigency exception nor the consent exception to the warrant requirement applied. However, the district court denied the motion to suppress because it found that the officer acted in good faith when he obtained the breath evidence.

After the supreme court issued its decision in *Brooks*, Boyland requested that the district court reconsider its decision to deny his motion to suppress. The district court

denied Boyland's request. Boyland then moved to certify the question of whether the good-faith exception to the exclusionary rule applies to breath alcohol evidence obtained without a warrant under Minn. R. Crim. P. 28.03. The district court granted Boyland's motion, certified the question as important and doubtful, and filed it with this court.

## DECISION

The district court may certify a question to this court upon the defendant's request or consent when it believes that a question of law "is so important or doubtful" that this court should decide it. Minn. R. Crim. P. 28.03. "The certification procedure should not be used to present a hypothetical question or to secure an advisory opinion. Nor should it be invoked until the record is sufficiently developed to present a substantive issue." *State v. Filipovic*, 312 Minn. 147, 151, 251 N.W.2d 110, 112 (1977). The supreme court has also stated that "[t]he certification process is not a substitute for the normal appellate process." *Jacka v. Coca-Cola Bottling Co.*, 580 N.W.2d 27, 30 (Minn. 1998). A certified question is a question of law, which we review de novo. *State v. Arends*, 786 N.W.2d 885, 888 (Minn. App. 2010).

As an initial matter, the state contends that this case should be dismissed because the certified question is not important or doubtful based on the Minnesota Supreme Court's recent decision in *Brooks*. The state argues that this court does not need to consider whether the police officer acted in good faith because a valid exception to the warrant requirement was present since, like the defendant in *Brooks*, Boyland consented to the breath test.

4

We agree with the state that the Minnesota Supreme Court's decision in *Brooks* governs this case. In *Brooks*, the supreme court held that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." 838 N.W.2d at 570. Here, the district court, ruling on Boyland's motion to suppress without the benefit of the *Brooks* opinion, found that Boyland did not freely and voluntarily consent to the breath test because he complied only after the officer told him that refusal to take the test was a crime. Under *Brooks*, the district court was required to look at the totality of the circumstances surrounding Boyland's statement agreeing to submit to a breath test. Thus, as the district court acknowledged in its order certifying the good-faith question, *Brooks* effectively reverses the district court's decision on the consent issue. If the district court applied *Brooks* to the facts of this case, it would not be necessary to reach the issue of whether the good-faith exception to the warrant requirement applies. We therefore conclude that it is inappropriate for us to address the question that the district court certified to this court because it presents a hypothetical question or is intended to secure an advisory opinion. Accordingly, we dismiss this appeal.

**Appeal dismissed.**