*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1262**

State of Minnesota,
Plaintiff,

vs.

Trimell Cornell Chamberlain,
Defendant.

**Filed January 20, 2026
Appeal dismissed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-24-4505

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John Choi, Ramsey County Attorney, Anna R. Light, Assistant County Attorney, St. Paul, Minnesota (for plaintiff)

Joshua Johnson, The Law Offices of Josh Johnson, Minneapolis, Minnesota (for defendant)

Considered and decided by Johnson, Presiding Judge; Ede, Judge; and Jesson, Judge.[*]

---

[*]Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**JOHNSON**, Judge

Trimell Cornell Chamberlain is charged with second-degree intentional murder. The complaint alleges facts based in part on cell-site-location information (CSLI) that police investigators obtained after executing a search warrant. Chamberlain moved to suppress the CSLI evidence and to dismiss the complaint. The district court denied the motion. The district court later certified two questions to this court pursuant to rule 28.03 of the rules of criminal procedure. We conclude that the certified questions are not appropriate for resolution under rule 28.03 and, therefore, dismiss the appeal.

## FACTS

In the early morning hours of April 3, 2024, R.B. was killed at the intersection of Lafond Avenue and Grotto Street in St. Paul after being struck by a car that drove away and then being shot multiple times by a person who fled on foot. The incident, the flight of the car, and the flight of the shooter were recorded by multiple surveillance videocameras. The investigating officers suspected that the driver of the car picked up the shooter after the incident and that both the driver and the shooter used cellphones to communicate with each other.

Three weeks after the incident, a police officer applied for and obtained a search warrant that required certain cell-service providers (Verizon, AT&T, Sprint, and T-Mobile) to disclose certain information in their electronic business records. Specifically, the search warrant required the cell-service providers to produce data identifying the cellphones that were in the vicinity of the incident or the vicinity of the flight paths at relevant times

surrounding the incident, including information concerning the locations of the cellphones and information concerning the times and durations of any communications between cellphones. The search warrant specified search criteria and parameters, which allowed the cell-service providers to extract the information sought using tower-dump searches and area searches.[1] The investigating officers later independently obtained information relating to Chamberlain's cellphone. Using both the CSLI provided by the cell-service providers and the information relating to Chamberlain's cellphone, the investigating officers learned that Chamberlain's cellphone was near the scene of the crime when the incident occurred and traveled along the car's flight path immediately after the incident.

In July 2024, the state charged Chamberlain with second-degree intentional murder, in violation of Minn. Stat. § 609.19, subd. 1(1) (2022). In January 2025, Chamberlain moved to suppress the CSLI evidence and to dismiss the complaint. He argued that the search warrant is invalid under both constitutional and statutory law. In June 2025, the district court denied Chamberlain's motion.

In July 2025, Chamberlain requested an order from the district court certifying questions to this court pursuant to rule 28.03 of the rules of criminal procedure. The state

---

[1]According to evidentiary materials in the district court record, a tower-dump search seeks CSLI concerning cellphones that are connected to a specified cell tower and are within a specified geographic area during a specified time period. A tower-dump search reveals CSLI for cellphones only to the extent that they were actively used in some way, such as by having initiated or received a call or a text message or having accessed the internet. An area search, by contrast, is not focused on a particular cell tower. An area search seeks CSLI concerning cellphones that were within a certain radius of a specified geographic location during a specified time period. Unlike a tower-dump search, an area search reveals CSLI for cellphones that were not actively used during the specified time period.

opposed the request. The district court granted Chamberlain's request in part and certified the following two questions:

> 1.      Does the Fourth Amendment of the United States Constitution and Article I Section 10 of the Minnesota State Constitution prohibit the search or seizure by law enforcement of individuals' historical cell site information (CSLI) when probable cause for the search is based solely on their physical proximity to a crime or location of interest?

> 2.      Must law enforcement meet requirements set forth in Minn. Stat. § 626A.42 in order to obtain historical cell site location information for multiple people based on their physical proximity to a crime or location of interest?

Chamberlain filed an appellate brief urging this court to answer both questions in the affirmative. The state filed an appellate brief urging this court to dismiss the appeal or, in the alternative, to answer both questions in the negative.

**DECISION**

The applicable rule provides that, upon a motion to dismiss in a criminal case, a district court may certify questions to this court if "any question of law arises that in the district court's opinion is so important or doubtful that the Court of Appeals should decide it." Minn. R. Crim. P. 28.03(2).

If a district court certifies questions to an appellate court, it is appropriate for the appellate court to determine whether the certified questions should be answered. *State v. Filipovic*, 251 N.W.2d 110, 112 (Minn. 1977). The certified-questions procedure "is a proper means of presenting important or doubtful questions of law," but the supreme court "has imposed and enforced limitations on its use." *Id.* One such limitation is that "[t]he certification procedure should not be used to present a hypothetical question or to secure

an advisory opinion." *Id.* In addition, "An appellate court will not consider abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances." *Thompson v. State*, 170 N.W.2d 101, 103 (Minn. 1969). The purpose of rule 28.03 "is to obtain an answer from an appellate court on a question of law that is embedded within a matter pending in the district court." *State v. Knoch*, 781 N.W.2d 170, 176 (Minn. App. 2010), *rev. denied* (Minn. June 29, 2010).

**A.**

The first certified question concerns the Fourth Amendment to the United States Constitution and article I, section 10, of the Minnesota Constitution, which generally prohibit unreasonable searches and seizures. Specifically, the first certified question asks whether a warrant authorizing a search for CSLI is constitutionally valid if "probable cause for the search is based solely on [the] physical proximity to a crime or location of interest" of persons possessing cellphones whose information would be collected.

In *State v. Contreras-Sanchez*, 5 N.W.3d 151 (Minn. App. 2024), *rev. granted* (Minn. May 29, 2024), this court considered whether geofence warrants, which authorize searches for location information similar to CSLI, are "categorically impermissible as general warrants under" the Fourth Amendment to the United States Constitution and article I, section 10, of the Minnesota Constitution. *Id.* at 160. We concluded that they are not categorically impermissible, that they "may be constitutional depending on the circumstances," and that they "must be assessed on a case-by-case basis." *Id.* at 163-64. We then considered whether the geofence warrant in that case satisfied constitutional

5

requirements. *Id.* at 161, 164-71. We concluded that the geofence warrant in that case "was supported by probable cause, was sufficiently particularized, and was not overbroad to the extent it permitted law enforcement to seize anonymous location-history data." *Id.* at 171. After our opinion was issued, Contreras-Sanchez filed a petition for review, which was granted by the supreme court, where the case now is pending. *State v. Contreras-Sanchez*, A22-1579 (Minn. May 29, 2024) (order).

In this case, the district court cited and relied on *Contreras-Sanchez* in its order ruling on Chamberlain's motion to suppress. The district court stated that a warrant seeking CSLI with tower-dump searches and area searches is very similar to a warrant seeking location information with a geofence search. In his appellate brief, Chamberlain repeatedly cites our *Contreras-Sanchez* opinion.

A certified question "should be carefully and precisely framed so as to present distinctly and clearly the question of law involved." *Thompson*, 170 N.W.2d at 103. As stated above, the certified-questions procedure is not appropriate for "abstract or unnecessarily general questions which might result in one answer to one set of circumstances but another answer to a different set of circumstances." *Id.* In addition, the certified-questions procedure is not appropriate for "a mixed question of fact and law." *State v. Moller*, 149 N.W.2d 274, 276 (Minn. 1967).

The constitutionality of a warrant authorizing tower-dump searches and area searches cannot be determined by answering a certified question of law because the analysis necessarily requires the application of legal principles to the particular circumstances of a particular case. *See Contreras-Sanchez*, 5 N.W.3d at 163-64. If we

6

were to attempt to answer the first certified question, we inevitably would do so by applying our opinion in *Contreras-Sanchez* to the particular circumstances of this case. In addition, we believe that it is prudent to refrain from answering the first certified question while the *Contreras-Sanchez* appeal is pending in the supreme court.

Thus, we decline to answer the first certified question.

**B.**

The second certified question concerns Minnesota Statutes section 626A.42. At the heart of the statute is the following provision:

> [A] government entity may not obtain the location information of an electronic device or unique identifier without a tracking warrant. A warrant granting access to location information must be issued only if the government entity shows that there is probable cause the person who possesses an electronic device or is using a unique identifier is committing, has committed, or is about to commit a crime.

Minn. Stat. § 626A.42, subd. 2(a) (2024).

The second certified question asks whether law-enforcement officers must comply with section 626A.42 "to obtain historical cell site location information for multiple people based on their physical proximity to a crime or location of interest." We understand the second certified question to seek clarification as to whether section 626A.42 may be invoked to obtain a warrant for *historical* CSLI (which was contested by the parties in the district court) in addition to *contemporaneous* CSLI (which was *not* contested). Both parties have briefed that issue.

In their respective briefs, the parties have cited various statutory provisions in support of their respective arguments concerning section 626A.42. Both parties naturally

7

cite the central provision quoted above, subdivision 2(a). Chamberlain also cites the definition of "location information" in subdivision 1(e) and the definition of "tracking warrant" in subdivision 1(h). The state cites subdivision 3(c), which concerns 60-day extensions of tracking warrants. Both parties cite Minnesota Statutes section 626.085, which governs search warrants for electronic communication information. In addition, Chamberlain cites the supreme court's opinion in *State v. Harvey*, 932 N.W.2d 792 (Minn. 2019), in which the supreme court considered, among other things, whether police officers violated section 626A.42 when they sought and obtained an order authorizing a search for CSLI relating to the appellant's cellphone. *Id*. at 806.

In the civil context, the supreme court has said that whether a certified question is doubtful depends on whether "controlling precedent" exists. *Jostens, Inc. v. Federated Mut. Ins. Co.*, 612 N.W.2d 878, 885 (Minn. 2000) (applying Minn. R. Civ. App. P. 103.03(h)). In *Jostens*, the supreme court determined that the certified question was not doubtful because the existing legal authorities provided "sufficient guidance." *Id.* at 886. The same is true in this case. The plain language of section 626A.42 and *Harvey* provide sufficient guidance on the question whether section 626A.42 applies to warrants seeking historical CSLI.

Thus, we decline to answer the second certified question.

In sum, neither certified question is appropriate for resolution under the procedure authorized by rule 28.03. Therefore, we dismiss the appeal.

**Appeal dismissed.**