LILLEHAUG, Justice
(dissenting).
Although I cannot share his sentiments regarding State v. Bernard, 859 N.W.2d 762 (Minn.2015), in all other respects I join Justice Page’s dissent. As he explains with characteristic eloquence, reflecting his passion for justice, the so-called “good-faith exception” adopted by the majority violates the Minnesota Constitution, Article I, Sections 8 and 10. I write separately to observe that the exception to the exclusionary rule adopted by the majority violates not only the Remedies Clause of the Minnesota Constitution, but also the Minnesota statute that requires the remedy of suppression of the evidence from an illegal search or seizure, Minn.Stat. § 626.21 (2014).
Article I, Section 10 of the Minnesota Constitution protects “[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures.” But Section 10 does not contain a remedy for its violation. Article I, Section 8, however, guarantees “a certain remedy in the laws” for injuries or wrongs.
To respond to violations of Section 10, and to implement the promise of Section 8, the Legislature has provided a statutory remedy for an unlawful search and seizure. Enacted more than 50 years ago and never substantively amended, Minn.Stat. § 626.21 provides: “A person aggrieved by an unlawful search and seizure may move the district court ... to suppress the use, as evidence, of anything so obtained....” The statute further commands the remedy: “If the motion is granted the property shall be restored ... and it shall not be admissible in evidence at any hearing or trial.” Id.
In this case, the majority tacitly concedes that the search and seizure of blood without consent or a warrant was unlawful. See Missouri v. McNeely, — U.S. -, 133 S.Ct. 1552, 1563, 185 L.Ed.2d 696 (2013) (concluding that the natural dissipation of alcohol from the bloodstream does not constitute an exigency in every drunk-driving case sufficient to justify a warrantless blood draw). As the majority acknowledges, the issue then is the appropriate legal remedy for the constitutional violation.
*891 In section 626.21, the Legislature specified precisely the remedy: suppression. The statute could not be clearer; what is searched and seized unlawfully “shall not be admissible in evidence at any hearing or trial.” Minn.Stat. § 626.21 (emphasis added). Hardly anyone needs to be reminded that this court routinely applies the clear, unambiguous words of Minnesota statutes. See Minn.Stat. § 646.16 (2014); Axelberg v. Comm’r of Pub. Safety, 848 N.W.2d 206, 212 (Minn.2014) (“[W]e must read this state’s laws as they are, not as some argue they should be.”); Larson v. State, 790 N.W.2d 700, 703 (Minn.2010) (“If a statute is unambiguous, then we must apply the statute’s plain meaning.”). The majority’s holding conflicts with this state’s laws as they are.
If there were any ambiguity in section 626.21, which there is not, we would look to, among other things, the occasion and necessity for the law, the circumstances under which it was enacted, the mischief to be remedied, the object to be obtained, and the contemporaneous legislative history. See Minn.Stat. § 645.16(1^4), (7). While I have been unable to locate any legislative hearings or reports on the 1963 passage of section 626.21, the reason for, and context of, its enactment are not difficult to discern. In Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), the United States Supreme Court decided that evidence obtained from unreasonable searches and seizures may not be used in state criminal law proceedings. Plainly, section 626.21, enacted in the aftermath of Mapp, is Minnesota’s codification of the federal exclusionary rule.[1] At the time, the federal rule contained no good-faith exception. While the federal rule was subsequently amended to address the good-faith exception created by the U.S. Supreme Court,[2] Minnesota has not legislated away the protection of privacy guaranteed by the statute.
Three years after Minnesota enacted section 626.21, Georgia passed a strikingly similar law, Ga.Code Ann. § 17-5-30 (West 1966).[3] When it considered whether to adopt the Leon good-faith exception, the Georgia Supreme Court considered the effect of its legislature’s codification of the exclusionary rule. See Gary v. State, 262 Ga. 573, 422 S.E.2d 426 (1992), The court held that it had no power to adopt the exception:
[Section] 17-5-30 is the legislature’s unequivocal expression of its desire that evidence seized by means of a warrant that is not supported by probable cause be suppressed. The legislature enacted this statute to protect against governmental disregard for constitutionally-protected rights.... In light of the unequivocal language of [the statute], infu *892 sion of the Leon good-faith exception into the statute Would be tantamount to judicial legislation. We decline to enter the realm of the legislature....
Id. at 428-29 (emphasis added) (footnote omitted). Minnesota has the same “unequivocal” language in section 626.21.
The North Carolina Supreme Court, too, rejected the judicially created good-faith exception on the ground that nó such exception was found in the 1973 statutory codification of its longstanding exclusionary rule. See State v. Carter, 322 N.C. 709, 370 S.E.2d 553, 562 (1988). As the court explained:
It must be remembered that it is not only the rights of this criminal defendant that are at issue, but the rights of all persons under our state constitution. ... If a good faith exception is to be applied to this public policy, let it be done by the legislature, the body politic responsible for the formation and expression of matters of public policy.

Id.

The majority’s effort to read section 626.21 as purely procedural is unavailing. Of course, section 626.21 uses the phrase “[i]f the motion is granted.” Obviously, a motion to suppress evidence will be granted only “if’ the person aggrieved demonstrates what the statute.requires: “an unlawful search and seizure.” Minn.Stat. § 626.21. In this case, the movant met that burden, showing that the warrantless seizure of her blood was unconstitutional. This triggered the statute’s remedy: suppression. Compare State v. Smith, 367 N.W.2d 497, 504-05 (Minn.1985) (declining to suppress the fruits of a search by warrant when the address for the search was obtained by an assumed “technical violation” of the Minnesota Government Data Practices Act that “did not violate any of defendant’s constitutional rights”).[4]
Similarly unavailing is the majority’s effort to limit the suppression remedy to only the blood that was unconstitutionally seized, but not to the tests on that very blood. This effort is anticipated by section 626.21, which requires the suppression and return of not just the unlawfully seized property, but also prevents the “use, as evidence, of anything so obtained.” A blood test is obtained from, and is the use of, the unlawfully seized blood. The majority’s hair-splitting conflicts with longstanding black-letter constitutional law. When an unlawful search and seizure violates Article I, Section 10 of the Minnesota Constitution, both the property and the fruits of the search must be suppressed. See In re Welfare of B.R.K., 658 N.W.2d 565, 579 (Minn.2003) (violation of the Fourth Amendment and Minnesota Constitution Article I, Section 10, requires that “the fruits of the [warrantless] entry and search must be suppressed”); State v. Paul, 548 N.W.2d 260, 264 (Minn.1996) (“If a warrantless entry is made without probable cause and exigent circumstances, its fruit must be suppressed.”); State v. King, 279 Minn. 225, 228, 156 N.W.2d 742, 744 (1968) (physical evidence must be suppressed as the product of statements unconstitutionally obtained, citing Wong Sun v. United States, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).
By regulating law enforcement and granting the victim of an unlawful search and seizure a timely and practical remedy, section 626.21 makes concrete the guarantees of the Minnesota Constitution in Article I, Sections 8 and 10. If section 626.21 *893 is to be amended a half-century after its enactment, thereby undermining Minnesotans’ privacy rights, that task is for the branch of government that passed it, the Legislature, not for this court. By eliminating Minnesotans’ statutory remedy for a constitutional violation, the majority inappropriately engages in judicial legislation.
The unlawfully seized evidence must be suppressed. With these observations, I respectfully dissent and join the dissent of Justice Page.

.Section 626.21 is similar to the then-Federal Rule of Criminal Procedure 41(e). In a decision the year before Mapp, the U.S. Supreme Court explained the purpose of Rule 41(e): "The restrictions upon searches and seizures were obviously designed for protection against official invasion of privacy and the security of property.... The exclusion in federal trials of evidence otherwise competent but gathered by federal officials in violation of the Fourth Amendment is a means for making effective the protection of privacy.” Jones v. United States, 362 U.S. 257, 261, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

. Rule 41(e)'s language regarding the exclusionary rule was deleted in 1989, in response to the Court’s adoption of the good-faith exception in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). See Fed.R.Crim.P. 41(e) advisory committee’s notes to 1989 amendment ("[T]he exclusionary provision is deleted, and the scope of the exclusionary rule is reserved for judicial decisions.”).

. Like the Minnesota statute, the Georgia statute was passed in the aftermath of Mapp and tracks the language of the then-Fed. R.Crim. P. 41(e).

. Thus, the text of section 626.21 easily defeats the majority's criticism that it does not contain a "substantive guideline.” It contains a substantive command that if the search and seizure was unlawful but not a mere "technical violation which did not subvert the basic purpose of the statute,” Smith, 367 N.W.2d at 504, a remedy is required.